WAYNE B. KOLBECK BY WALTER A. KOLBECK, SR., GUARDIAN *AD LITEM*, PLAINTIFF-RESPONDENT, v. GEORGE A. KRAMER, MASON W. GROSS, PHILIP B. BEWLEY, DEFENDANTS, AND RUTGERS, THE STATE UNIVERSITY, DEFENDANT-APPELLANT.

Argued October 11, 1965—Decided November 22, 1965.

*Mr. Russell E. Watson* argued the cause for appellant (*Messrs. R. E. & A. D. Watson,* attorneys).

*Mr. Charles Crabbe Thomas* and *Mr. Robert B. Stiles* argued the cause for respondent (*Mr. Charles Crabbe Thomas,* attorney).

The opinion of the court was delivered

PER CURIAM. Plaintiff was denied admission to Rutgers, The State University when he refused to submit to vaccination for smallpox. *N. J. S. A.* 18:14–52 permits a board of education to exclude pupils not vaccinated and authorizes the board to exempt therefrom a pupil whose parent or guardian objects in writing upon the ground that the proposed vaccination interferes with the free exercise of his religious principles. In harmony with that policy the University requires vaccination subject to exemption on religious grounds. The trial court ordered the University to admit plaintiff, *Kolbeck v. Kramer,* 84 *N. J. Super.* 569 (*Law Div.* 1964), and we heard the University's appeal before the Appellate Division acted upon it.

Plaintiff is now a student elsewhere. We called for an affidavit of his present intentions to determine whether the cause is moot. His affidavit disavows an intent to pursue the application here involved but does profess an interest in graduate work at the State University. In these circumstances an adjudication of the controversy seems appropriate to the end that if such further application is submitted and the University's policy still provides for the exemption here claimed, the University, in considering the merits of such further application, shall not be concerned with the question whether plaintiff's claim for exemption rests in religious conviction.

We think it enough to say the trial court's finding that plaintiff's objection to vaccination in fact rested upon reli-

48

gious principles is amply supported by the proof. In its origin, the difficulty was largely semantic. At least the trial court could correctly so view it and thus find plaintiff's earlier expressions squared with his later, more precise statement of his belief. Plaintiff was therefore entitled to the claimed exemption under the University's stated policy.

The University challenges some of the trial court's theses, especially the discussion of the respective powers of the State Board of Education and the University's Board of Governors. In the light of our view of the controversy, we need not consider that issue, and it is therefore reserved.

The judgment is modified and preserved for the declaratory value to plaintiff described above.

*For modification*—Chief Justice Weintraub and Justices Jacobs, Francis, Proctor, Hall, Schettino and Haneman —7.

*Opposed*—None.